IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARTIN DURANT, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 04-1534 (KAJ) |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| PERFECT CARE NURSES, INC., | : | |
| | : | |
| Defendant. | : | |

**OPENING BRIEF IN SUPPORT OF DEFENDANT'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Christian J. Singewald (Bar No. 3542)
Marc S. Casarino (Bar No. 3613)
**WHITE AND WILLIAMS LLP**
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 467-4520
(302) 467-4550 facsimile
Attorneys for Perfect Care Nurses, Inc.

Dated: August 31, 2005

**TABLE OF CONTENTS**

**Page**

TABLE OF CITATIONS ................................................................................................... ii-iii

STATEMENT OF NATURE AND STAGE OF PROCEEDING ............................................. 1

SUMMARY OF ARGUMENTS ........................................................................................... 2

STATEMENT OF FACTS .................................................................................................... 3

ARGUMENTS ...................................................................................................................... 4

    I.    Standard of Review ................................................................................... 4-5

    II.    Plaintiff's Claim for Mileage Reimbursement is Unsupported in
    the Record and Fails as a Matter of Law ..................................................... 6

    III.    Plaintiff's Claim for Emotion Distress, Psychological Distress and
    Physical Injury Fails as it is Unsupported in the Record and Fails
    as a Matter of Law ...................................................................................... 7

CONCLUSION ..................................................................................................................... 8

-ii-

## TABLE OF CITATIONS

**Cases**                                                                                                          **Page**

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)..................................................................4

Celotex Corp. v. Catrett,
477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).................................................................4-5

Cuffy v. Getty Refining & Marketing Company,
648 F.Supp. 802 (D. Del. 1986)......................................................................................................4

In re Japanese Electronic Products Antitrust Litigation,
723 F.2d 238 (3rd Cir. 1983)............................................................................................................4

Matsushita Elect. Indust. Co. v. Zenith Radio Corp.,
475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).................................................................4-5

Paul v. F.W. Woolworth Co.,
809 F.Supp. 1155 (D. Del. 1992).....................................................................................................4

Smith v. Department of Veterans Affairs,
1995 WL 562281, C.A. No. 94-279, Robinson, J.,
(D. Del. Sept. 20, 1995) (attached hereto)....................................................................................4-5

**Statutes and Rules**

Fair Labor Standards Act,
29 U.S.C. § 201, *et seq.*.................................................................................................................1

Delaware Wage Payment and Collection Act,
DEL. CODE ANN. tit. 19, § 1101, *et seq.*........................................................................................1

Federal Rule of Civil Procedure 56..............................................................................................4-5

## STATEMENT OF NATURE AND STAGE OF PROCEEDING

On December 20, 2004, the Plaintiff, Martin Durant ("Mr. Durant"), filed this complaint seeking recovery of unspecified damages for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Delaware Wage Payment and Collection Act ("DWPCA"), DEL. CODE ANN. tit. 19, § 1101, *et seq.* On January 10, 2005, Defendant Perfect Care Nurses, Inc. ("Perfect Care") answered the complaint and generally denied liability for any violations of the FLSA or DWPCA or otherwise. The discovery period expired July 29, 2005. This is Perfect Care's opening brief in support of its motion for summary judgment filed contemporaneously herewith.

-2-

## SUMMARY OF ARGUMENTS

I.      Mr. Durant was paid an increased hourly rate for travel beyond Wilmington, Delaware, as compensation for mileage and fuel expenses.  Mr. Durant was never instructed not to request reimbursement for mileage and fuel expenses for travel within the Wilmington, Delaware area.  Mr. Durant admits that he never requested mileage or fuel expense reimbursement for any travel while on assignments placed through Perfect Care.  Accordingly, Mr. Durant's claim that Perfect Care failed to compensate him for mileage and fuel expenses is unsupported in the record and must be dismissed.

II.     Mr. Durant admits that he has suffered no emotional or physical ailments as a result of any conduct or omission by Perfect Care.  Moreover, there is no evidence of any such emotional or physical ailment in the record.  Accordingly, Mr. Durant's claim for emotional and/or physical harm must be dismissed.

## STATEMENT OF RELEVANT FACTS

Mr. Durant began accepting placements as a nursing assistant through Perfect Care in 1998. Transcript of May 24, 2005 deposition of Martin Durant at p. 11, ln. 1 - p. 12, ln. 11 ("Durant Depo.") (Attached hereto as Appendix pages A1 through A9). He stopped accepting placements through Perfect Care for approximately one year beginning in 1999. *Id.* In or around 2000, he again accepted placements through Perfect Care and continued to do so until 2004. *Id.*

Placements through Perfect Care required Mr. Durant to drive himself to various facilities located throughout Delaware and Maryland. Mr. Durant was compensated $14.00 per hour for weekday hours within the Wilmington, Delaware area. Durant Depo. p. 24, ln. 24 - p. 25, ln. 9. His compensation was increased to $17.00 per hour for hours beyond the Wilmington, Delaware area. *Id.* The increased hourly rate compensated Mr. Durant for mileage to placements outside the Wilmington, Delaware area. Durant Depo. p. 25, ln. 18 - p. 26, ln. 4. Although never instructed not to submit a request for mileage reimbursement, Mr. Durant never did so. Durant Depo. p. 46, ln. 19 - p. 47, ln. 9.

Mr. Durant has had no psychological or psychiatric counseling since January 2002. Durant Depo. p. 54, ln. 10-15. He has suffered no physical ailment or emotional distress as a result of conduct attributable to Perfect Care. *Id.* at p. 55, ln. 16 - p. 56, ln. 8. There is no evidence in the record of Mr. Durant's psychological or medical condition.

-3-

**ARGUMENTS**

I.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 "requires the Court to enter summary judgment if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.'" Paul v. F.W. Woolworth Co., 809 F.Supp. 1155, 1158 (D. Del. 1992); Fed.R.Civ.P. 56(c).  The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying that the record demonstrates an absence of a genuine issue of material fact.  See, e.g., Smith v. Department of Veterans Affairs, 1995 WL 562281, C.A. No. 94-279, Robinson, J., *1 (D. Del. Sept. 20, 1995).  The moving party's burden may be discharged by demonstrating to the Court that there is "an absence of evidence to support the nonmoving party's case."  Cuffy v. Getty Refining & Marketing Company, 648 F.Supp. 802, 807 (D. Del. 1986)(citing, Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 257 (3rd Cir. 1983), rev'd in part on other grounds sub nom. Matsushita Elect. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).  The standard, however, "is not whether there is literally no evidence for the party who has not moved, nor is it enough for the nonmoving party to have provided a scintilla of evidence supporting its position."  Paul, 809 F.Supp. at 1158 (citing, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

If the moving party satisfies its initial showing, the nonmoving party with the burden of proof at trial on the issues for which summary judgment is sought must then make a showing sufficient to establish the existence of an element essential to his case.  Smith, 1995 WL 562281

-4-

-5-

at *2 (D. Del. Sept. 20, 1995).  To satisfy its burden in that circumstance, the nonmoving party must rely on more than the mere allegations of the complaint and must set forth specific facts showing that there is a genuine issue for trial.  Smith, 1995 WL 562281 at *2 (D. Del. Sept. 20, 1995) (citing, Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 322-23).  "If a nonmoving party fails to meet its burden, a rational trier of fact would not be able to find for the nonmoving party, and the Court should enter summary judgment against it."  Paul, 809 F.Supp. at 1158 (citing, Matsushita, 475 U.S. at 587).

-6-

## II.     PLAINTIFF'S CLAIM FOR MILEAGE REIMBURSEMENT IS UNSUPPORTED IN THE RECORD AND FAILS AS A MATTER OF LAW

Mr. Durant has presented no evidence supporting a claim that Perfect Care failed to provide mileage reimbursement. Perfect Care never instructed Mr. Durant not to submit a mileage reimbursement request. Yet, Mr. Durant never submitted a mileage reimbursement request during his relationship with Perfect Care. Nevertheless, Perfect Care increased Mr. Durant's hourly rate for placements outside the Wilmington, Delaware area. Mr. Durant's unequivocal testimony is that the increased hourly rate was intended to compensate him for his mileage. Thus, any claim for mileage reimbursement fails as a matter of law and should be dismissed.

## III. PLAINTIFF'S CLAIM FOR EMOTIONAL DISTRESS, PSYCHOLOGICAL DISTRESS AND PHYSICAL INJURY FAILS AS IT IS UNSUPPORTED IN THE RECORD AND MUST BE DISMISSED

Mr. Durant has presented no evidence of any emotional distress, psychological distress or physical injury. There are no medical records or expert analysis supporting a claim for emotional distress, psychological distress or physical injury. Mr. Durant's own testimony is that he has suffered no such ailments as a result of any conduct attributable to Perfect Care. Accordingly, any claim for emotional distress, psychological distress or physical injury fails as a matter of law and must be dismissed.

## CONCLUSION

There is no evidence in the record that Mr. Durant is entitled to mileage reimbursement or to recover for emotional distress, psychological distress or physical injury. To the extent the complaint seeks recovery for such claims, judgment should be for Perfect Care.

                Respectfully submitted,

                **WHITE AND WILLIAMS LLP**

By:    */s/ Marc S. Casarino*
       Christian J. Singewald (Bar No. 3542)
       Marc S. Casarino (Bar No. 3613)
       824 N. Market Street, Suite 902
       P.O. Box 709
       Wilmington, DE 19899-0709
       (302) 467-4520
       (302) 467-4550 facsimile
       Attorneys for Perfect Care Nurses, Inc.

Dated: August 29, 2005

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARTIN DURANT, | : |
| | : |
| Plaintiff, | :  C.A. No. 04-1534 (KAJ) |
| | : |
| v. | : |
| | :  JURY TRIAL DEMANDED |
| PERFECT CARE NURSES, INC., | : |
| | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I, Marc S. Casarino, Esquire, certify that on this 31st day of August, 2005, a copy of the foregoing **OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** was delivered by First Class Mail, postage prepaid, and by electronic filing to the following named individual:

> Jeffrey K. Martin, Esquire
> Margolis Edelstein
> 1509 Gilpin Avenue
> Wilmington, DE  19806

**WHITE AND WILLIAMS LLP**

By:  */s/ Marc S. Casarino*
Christian J. Singewald (#3542)
Marc S. Casarino (#3613)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 654-0424
Attorneys for Perfect Care Nurses, Inc.